IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**RIDGE CORPORATION,**

    **Plaintiff,**

v.

    Civil Action 2:21-cv-5915
    Judge Sarah D. Morrison
    Magistrate Judge Elizabeth P. Deavers

**ALTUM LLC,** *et al.***,**

    **Defendants.**

## OPINION AND ORDER

This matter is before the Court for consideration of Defendant Dominic Grandominico's Motion for Advancement of Litigation Expenses.  (ECF No. 42 (the "Motion").)  For the reasons discussed below, the Motion (ECF No. 42) is **GRANTED IN PART**.

### I.     BACKGROUND.

Defendant Dominic Grandominico ("Grandominico") is a former director of Plaintiff Ridge Corporation ("Ridge").  In this action, Ridge generally alleges that Grandominico, along with Defendants Kyle Thomas Gaines ("Gaines") and Greg Karst ("Karst"), "orchestrated the formation of [Defendant Altum LLC ("Altum")], which is a competitor of [Ridge], and which is marketing a product improperly using proprietary information and technology created while all three individual defendants were employed at [Ridge]." (ECF No. 1 at PAGEID # 2.)  Ridge's Complaint asserts six causes of action against Defendants as follows:

- Count One (against all Defendants):  Misappropriation and Use of Trade Secrets Under The Federal Defend Trade Secrets Act, 18 U.S.C. § 1836, *et seq.*;

- Count Two (against all Defendants):  Misappropriation and Use of Trade Secrets Under The Ohio Uniform Trade Secrets Act, R.C. 1333.61, *et seq.*;

- Count Three (against Defendants Grandominico, Gaines, and Karst):  Breach of Patent Assignment;

- Count Four (against all Defendants):  Conversion;

- Count Five (against Defendant Grandominico):  Breach of Fiduciary Duty; and

- Count Six (against Defendants Grandominico, Gaines, and Karst):  Conspiracy.

(ECF No. 1 at PAGEID ## 13-20.)

On December 22, 2022, Grandominico moved for an order directing Ridge to pay his expenses, including attorney's fees, incurred in defending this action pursuant to Ohio Revised Code ("O.R.C.") Section 1701.13(E)(5)(a).  (ECF No. 42.)  Grandominico argues that "[a]s a former director being sued for actions allegedly taken while acting in that capacity . . . [he] is entitled to advancement of all of his legal expenses."  (*Id.*)  In response, Ridge maintains that "there is no obligation for a corporation to subsidize the litigation expenses of a competitor corporation against whom it is in litigation."  (ECF No. 53.)  Ridge argues that Grandominico "fails to meet the three statutory requirements for advancing litigation expenses to a former director," because "he has not personally incurred any litigation expenses and there is also no evidence that he has personally paid the expenses."  (*Id.*)  Ridge maintains that because Altum is paying for the defense of this lawsuit, Grandominico's request "runs far afoul of the intent of the statute, which is supposed to ensure that directors are not financially penalized for legal matters that they are pulled into due to their role as a director."  (*Id.*)  Alternatively, Ridge also disputes the allocation of fees Grandominico seeks.  (*Id.*)  In his Reply brief, Grandominico argues that "there is absolutely no support for Ridge's position," and that courts "routinely reject" Ridge's position about whether Grandominico or Altum ultimately pays the legal bills which Grandominico has incurred.  (ECF No. 54.)  The matter is thus fully briefed and ripe for judicial review.

## II.     ANALYSIS.

Ridge requests the advancement of litigation expenses under O.R.C. § 1701.13(E)(5)(a), which provides as follows:

> (5)(a) Unless at the time of a director's act or omission that is the subject of an action, suit, or proceeding referred to in division (E)(1) or (2) of this section, the articles or the regulations of a corporation state, by specific reference to this division, that the provisions of this division do not apply to the corporation and unless the only liability asserted against a director in an action, suit, or proceeding referred to in division (E)(1) or (2) of this section is pursuant to section 1701.95 of the Revised Code, **expenses, including attorney's fees, incurred by a director in defending the action, suit, or proceeding shall be paid by the corporation as they are incurred, in advance of the final disposition of the action, suit, or proceeding**, upon receipt of an undertaking by or on behalf of the director in which the director agrees to do both of the following:
>
> (i)     Repay that amount if it is proved by clear and convincing evidence in a court of competent jurisdiction that the director's action or failure to act involved an act or omission undertaken with deliberate intent to cause injury to the corporation or undertaken with reckless disregard for the best interests of the corporation;
>
> (ii)    Reasonably cooperate with the corporation concerning the action, suit, or proceeding.

O.R.C. Code. § 1701.13(E)(5)(a) (emphasis added).  The Supreme Court of Ohio has interpreted this to mean that "when a corporation has received the undertaking described in O.R.C. § 1701.13(E)(5)(a), the corporation is required to advance expenses to a director unless the corporation's articles or regulations specifically state that O.R.C. § 1701.13(E) does not apply to the corporation." *Miller v. Miller*, 2012-Ohio-2928, ¶ 42, 132 Ohio St. 3d 424, 435, 973 N.E.2d 228, 238-239.

Here, Grandominico has produced undisputed evidence which confirms that Ridge's regulations require "[e]xpenses, including attorney's fees . . . may be paid by [Ridge] as they are incurred." (ECF No. 42 at PAGEID # 343.)  Thus, Ridge's regulations clearly permit the application of O.R.C. § 1701.13(E)(5)(a). *Miller*, 132 Ohio St. 3d at 435; *see also Tafeen v.*

3

*Homestore, Inc.*, No. CIVA. 023-N, 2004 WL 556733, at *10 (Del. Ch. Mar. 22, 2004), *aff'd*, 888 A.2d 204 (Del. 2005) ("[T]here is no case precedent, nor good reason, to interfere with the decision of the bylaw drafters simply because the bylaws might cause the company financial hardship."). The only remaining issue is therefore whether Ridge "has received the undertaking described in O.R.C. § 1701.13(E)(5)(a)." *Miller*, 132 Ohio St. 3d at 435. If so, then it "is required to advance expenses." *Id.* And the record is clear on this point, as Ridge affirmatively concedes that Grandominico "provided [the] undertaking." (ECF No. 53 at PAGEID # 417; *see also* ECF No. 42-3 at PAGEID # 373 ("Undertaking of Dominic Grandominico").)

This should end the analysis, but Ridge tries to add a roadblock by arguing that "[t]here is no evidence . . . that [Grandominico] has incurred any expenses," because Altum has paid Defendants' attorney fees to date. (*Id.* at PAGEID ## 417-419.) This argument is not well taken. While Ridge wants the Court to focus on who is *paying* for the litigation expenses, the statute does not impose such a requirement. Indeed, as discussed above, the statute merely requires that "expenses, including attorney's fees . . . shall be paid by the corporation as they are incurred[.]" Ohio Rev. Code. § 1701.13(E)(5)(a). The statute does not require, as Ridge suggests, Grandominico to demonstrate that he has *paid* any attorney fees – it only requires that he *incurred* such fees.[1] *Id.* Ohio courts have refused recent attempts to read in language to O.R.C. § 1701.13(E)(5) that does not exist, and this Court will not do so either. *See Schmitt v. Schmitt*, 2022-Ohio-1685, 2022 WL 1584683, at ¶¶ 15-21.

Having concluded that Grandominico is entitled to the advancement of his legal expenses, the next question becomes how much. On this issue, counsel for Altum has provided a

---

[1] As Altum's counsel correctly advised Ridge's counsel during the underlying meet-and-confer correspondence, "[t]he statute is an 'advancement' statute, not a 'reimbursement' statute." (ECF No. 42-8 at PAGEID # 386.)

copy of Defendants' engagement letter, which confirms that Defendants retained the law firm of Arnold & Clifford LLP "as counsel to [Altum] and each of [the individual Defendants] individually." (ECF No. 53-1 at PAGEID # 423.) But because one law firm is representing all four Defendants, the parties dispute how much of that work is attributable to Grandominico. On one hand, Grandominico argues that "[a]s one of the three members of the LLC, [Grandominico] is entitled to share in 1/3 of the costs and 1/3 of the profits of the LLC, so if Altum incurs costs in defending Ridge's lawsuit, [Grandominico] pays his 1/3 share, entitling him to a full 1/3 share of advancement of those legal expenses incurred in defending Counts 1, 2, and 4." (ECF No. 54 at PAGEID # 436.) Grandominico therefore submits that he should be advanced his expenses as follows:

- 100% of the fees/expenses incurred in negotiating and litigating the request for advancement;

- 100% of the fees/expenses incurred in defending Count 5, asserted solely against [Grandominico];

- 1/3 of the fees/expenses incurred in defending Counts 3 and 6, asserted solely against the Individual Defendants; and

- 1/3 of the fees/expenses incurred in defending Counts 1, 2, and 4, asserted against all Defendants.

(*Id.* at PAGEID # 437.)

On the other hand, Ridge argues that "if advancement is required, the appropriate portion of litigation expenses for advancement is one-fourth [1/4] of all legal expenses, not a task-by-task allocation to one bucket or the other." (ECF No. 53 at PAGEID # 421.) Ridge submits that this allocation is "the only workable and equitable solution," because "[w]hile there are six separate claims, the claims are all intertwined" and "Defendants' counsel should not be granted

pure discretion to decide which work should be apportioned solely to Count 5 . . . and what work should be apportioned to the other counts[.]" (*Id.* at PAGEID ## 420-421.)

Ridge's concerns on this point are well taken.  First, notwithstanding Defendants' retention agreement which states that each Defendant "agrees to be responsible for all of our fees, costs, and expenses," the Court is not sympathetic to Grandominico's arguments that "he could, by all rights, seek advancement of *all* of the legal fees incurred in the defense of all the litigation." (ECF No. 53-1 at PAGEID # 426; ECF No. 54 at PAGEID # 435.)  Ironically, in making this argument it was Grandominico's turn to conflate the *incurrence* of fees with the *payment* of such fees.  Grandominico does not submit that he incurred all of Defendants' fees, but rather that he may be financially responsible for all of them under his retention agreement.  But, again, O.R.C. 1701.13(E)(5)(a) only addresses those fees and expenses incurred by Grandominico.  If, for example, Ridge dismissed Grandominico from this action, then Grandominico would have no basis on which to petition the Court for the advancement of the other Defendants' fees, simply because he may be responsible for paying them as a member of Altum.  For this reason, the Court also will not divide up any fees incurred by Altum.

Given the overlapping nature of Ridge's claims, the Court agrees that it would be impractical and unworkable to divide every expense and attorney fee based on how much time Defendants' counsel devoted to any one claim.  But some division may still be proper.  Accordingly, given that there are four defendants, the Court finds it appropriate to award Grandominico **ONE-FOURTH (1/4)** of the reasonable fees and expenses incurred by Defendants' counsel in litigating this action as a default position, with two limited exceptions.  First, if Defendants' counsel can establish that certain work is **ONLY** applicable to Count 5, then Grandominico will be entitled to the advancement of **ALL** such reasonable fees and expenses.

Similarly, if Defendants' counsel can establish that certain work is (or was) **ONLY** applicable to Counts 1, 2, and/or 4,[2] then Grandominico will be entitled to the advancement of **ONE-THIRD (1/3)** of such reasonable fees and expenses.  To be clear, the Court expects that most of the work performed by Defendants' counsel will qualify for advancement at the default rate of one-fourth (1/4) of what is billed to Defendants' counsel.[3]

### III.  CONCLUSION.

For these reasons, Defendant Dominic Grandominico's Motion for Advancement of Litigation Expenses, ECF No. 42, is **GRANTED IN PART**.  The Court **DIRECTS** Plaintiff Ridge Corporation to advance the expenses, including reasonable attorney's fees, incurred by Defendant Dominic Grandominico in defending against the claims against him, as set forth below:

- **ALL** the reasonable fees and expenses incurred in litigating the subject Motion; and

- **ONE-FOURTH (1/4)** of the reasonable fees and expenses incurred in litigating the rest of this action, **EXCEPT** as set forth below:

    o **ALL** the reasonable fees and expenses incurred in defending **ONLY** Count 5; or

---

[2] On February 3, 2023, the Court granted in part Defendants' Motion to Dismiss, ECF No. 24, and dismissed Count 4.  (ECF No. 55.)  That decision notwithstanding, the Court understands that Defendants, including Grandominico, incurred fees and expenses to defend against Count 4.  The Court therefore finds it appropriate to order the advancement of fees and expenses associated with Count 4, even though the Court dismissed that claim, so long as counsel can demonstrate how certain work applied only to Count 4.

[3] Counsel for Defendants is advised that the Court will not look favorably on unnecessary filings or other legal work which is designed or framed specifically to qualify for advancement at a higher rate pursuant to this Order (*e.g.*, filing multiple dispositive motions, hiring an expert as to only certain claims, or framing a dispute as only limited to certain claims).

- o **ONE-THIRD (1/3)** of the reasonable fees and expenses incurred in defending **ONLY** Counts 1, 2, and/or 4.

Counsel are **DIRECTED** to **MEET AND CONFER** regarding the advancement of these fees and expenses on a regular basis, consistent with O.R.C. 1701.13(E)(5)(a).  *See* Ohio Rev. Code § 1701.13(E)(5)(a) ("[E]xpenses, including attorney's fees . . . shall be paid by the corporation *as they are incurred*.") (emphasis added).  Should they reach impasse regarding whether certain fees or expenses are reasonable, or whether certain fees or expenses were incurred in defending only certain claims, then they are **DIRECTED** to contact the Court for an informal telephone conference.

**IT IS SO ORDERED.**

**Date: July 5, 2023**              /s/ *Elizabeth A. Preston Deavers*
**ELIZABETH A. PRESTON DEAVERS**
**UNITED STATES MAGISTRATE JUDGE**