UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

RIDGE CORPORATION,

      Plaintiff,

    v.

ALTUM, LLC, *et al.*,

      Defendants.

:

:

:

Case No. 2:21-cv-5915
Chief Judge Sarah D. Morrison
Magistrate Judge S. Courter M. Shimeall

## OPINION AND ORDER

On December 29, 2025, this Court issued an Order granting the Individual Defendants' Motion to Alter or Amend Judgment, vacating the Judgment, and ordering the parties to file supplemental briefs regarding the Individual Defendants' counterclaim for indemnification. The parties have briefed the issue, and it is ripe for decision.

For the reasons below, the Individual Defendants' Motion for Summary Judgment on their Counterclaim for Indemnification is **GRANTED**.[1]

I.    ANALYSIS

The Individual Defendants assert a claim for indemnification under Ohio law and Ridge's Amended and Restated Code of Regulations. (ECF No. 134-8, Ridge Code of Regs., §§ 4.1–4.3); *see* Ohio Rev. Code §§ 1701.13(E)(1)–(3). The Individual

---

[1] This matter is before the Court on the limited issue of the Individual Defendants' counterclaim for indemnification. The Court hereby adopts and incorporates its Opinion and Order (ECF No. 159) except for Section IV.F, which is hereby amended by this Opinion and Order.

Defendants argue they are entitled to summary judgment on their indemnification claim because they successfully defended against Ridge's claims. (ECF No. 176.) Ridge disagrees, arguing that the statute requires the Individual Defendants to have acted in good faith to be entitled to indemnification. (ECF No. 177.)

The indemnification provisions in Ridge's Amended and Restated Code of Regulations mirror Ohio Law. So the dispute turns on a question of statutory interpretation: Does Ohio Revised Code § 1701(E)(3) incorporate the good faith standard found in § 1701(E)(2)? The Court finds that it does not.

## A. The statutory framework of § 1701.13(E)(3).

Chapter 1701 of the Ohio Revised Code governs corporations. Contained therein is § 1701.13, which addresses a corporation's authority. Several subsections within § 1701.13 address indemnification, such as who a corporation *may* indemnify and when, and who a corporation *must* indemnify and when. The two subsections at issue here are Subsections (E)(2) and (E)(3).

Subsection (E)(2) addresses when a corporation *may* indemnify a party in a lawsuit brought by the corporation. It states in pertinent part:

> (2) A corporation *may indemnify or agree to indemnify* any person who was or is a party, or is threatened to be made a party, to any threatened, pending, or completed action or suit *by or in the right of the corporation to procure a judgment in its favor*, by reason of the fact that the person is or was a director, officer, employee, or agent of the corporation, or is or was serving at the request of the corporation as a director, trustee, officer, employee, member, manager, or agent of another corporation, domestic or foreign, nonprofit or for profit, a limited liability company, or a partnership, joint venture, trust, or other enterprise, against expenses, including attorney's fees, actually and reasonably incurred by the person in connection with the defense or settlement of such action or suit, *if the person acted in good faith*

2

> *and in a manner the person reasonably believed to be in or not opposed to the best interests of the corporation*[.]

Ohio Rev. Code § 1701.13(E)(2) (emphasis added). In sum, Section (E)(2) allows, but does not require, a corporation to indemnify a person in a lawsuit brought by the corporation so long as the person acted in good faith and is reasonably believed to have been acting in the best interests of the corporation.

On the other hand, Section (E)(3) addresses when a corporation *must* indemnify a person in a lawsuit:

> (3) To the extent that a director, trustee, officer, employee, member, manager, or agent has been successful on the merits or otherwise in defense *of any action, suit, or proceeding referred to in division (E)(1) or (2) of this section*, or in defense of any claim, issue, or matter in the action, suit, or proceeding, *the person shall be indemnified* against expenses, including attorney's fees, actually and reasonably incurred by the person in connection with the action, suit, or proceeding.

Ohio Rev. Code § 1701.13(E)(3) (emphasis added). In sum, Section (E)(3) requires a corporation to indemnify a person in a lawsuit brought by a corporation if that person was successful on the merits.

## B.    There is no good faith requirement in § 1701.13(E)(3).

A court's "duty in construing a statute is to determine and give effect to the intent of the General Assembly as expressed in the language it enacted." *McConnel v. Dudley*, 144 N.E.3d 369, 393 (Ohio 2019) (citation omitted). A court's "first step is always to determine whether the statute is 'plain and unambiguous.'" *Jacobson v. Kaforey*, 75 N.E.3d 203, 205–06 (Ohio 2016) (citation omitted). "When the language of a statute is plain and unambiguous and conveys a clear and definite meaning, there is no need for this court to apply the rules of statutory interpretation."

3

*Symmes Twp. Bd. of Trustees v. Smyth*, 721 N.E.2d 1057, 1061 (Ohio 2000). Accordingly, the Court starts with the plain language of the statute.

Subsection (E)(3) has three requirements: (1) the indemnitee must be (or have been) "a director, trustee, officer, employee, member, manager, or agent" of the corporation; (2) the indemnitee must have been "successful on the merits" of the lawsuit; and (3) the lawsuit must be one "referred to" in Subsection (E)(1) or (E)(2). Ohio Rev. Code § 1701.13(E)(3).

The first two requirements are undisputably satisfied here. As for the third, Subsection (E)(3) incorporates the type of lawsuit "referred to" in Subsection (E)(2), which is "any threatened, pending, or completed action or suit by or in the right of the corporation to procure a judgment in its favor[.]" Ohio Rev. Code § 1701.13(E)(2). The type of lawsuit description stands alone and is not modified by any other language in the subsection.

The good faith requirement in Subsection (E)(2) refers only to the "person" being indemnified: "*if the person* acted in good faith." Ohio Rev. Code § 1701.13(E)(2*)* (emphasis added). So when Subsection (E)(3) incorporates the type of lawsuit "referred to" in Subsection (E)(2), it is not also incorporating the good faith requirement. *See, e.g.*, *Vandercar, L.L.C. v. Port of Greater Cincinnati Dev. Auth.*, 248 N.E.3d 167, 170 (Ohio 2024) (holding that if the Ohio Legislature wanted to include statutory language found in another statute, then it "knew how to do so").

Further reinforcing this conclusion, Ohio courts look to Delaware law for guidance on interpreting similar corporate statutes. *See Miller v. Miller*, 973 N.E.2d

4

228, 233–34 (Ohio 2012). Delaware has a nearly identical indemnification statute, and Delaware courts have consistently held that the requirement of good faith does not apply when the eligible person has succeeded on the merits of a corporate suit. *See, e.g.*, *Sun-Times Media Group, Inc. v. Black*, 954 A.2d 380, n.86 (Del.Ch. 2008) (holding that the similar indemnification statute "has no state of mind requirement, just a success standard"); *see also Hermelin v. K-V Pharm. Co.*, 54 A.3d 1093, 1105 (Del.Ch. 2012) (holding that "Section 145(c) of the DGCL[,]" like Subsection (E)(3) here, "*mandates* indemnification where 'a present or former director or officer of a corporation has been successful on the merits[.]'") (emphasis in original).

Accordingly, the Individual Defendants are entitled to indemnification under § 1701.13 (E)(3).

## II.    CONCLUSION

The Individual Defendants' Motion for Summary Judgment on their counterclaim for indemnification is **GRANTED**. The Individual Defendants are **ORDERED** to provide evidence of their expenses, including attorney's fees, actually and reasonably incurred in connection with this suit to Ridge's counsel within **fourteen (14) days** from the date of this Opinion and Order. The parties are **ORDERED** to meet and confer regarding those expenses and to file a joint status report addressing the parties' recommendations for the procedure to resolve any disputes regarding the amount of indemnification within **twenty-one (21) days** from the date of this Opinion and Order.

**IT IS SO ORDERED.**

/s/ Sarah D. Morrison
**SARAH D. MORRISON, CHIEF JUDGE**
**UNITED STATES DISTRICT COURT**